### In re INTERNATIONAL MILLING CO.

#### (District Court, E. D. New York. December 31, 1909.)

LANDLORD AND TENANT (§ 152*)—LEASE—"REPAIRS."

    Where, at the commencement of a lease for a term of years, the premises were changed from a loft and office building to a factory, the expense of alterations necessary to place them in their original condition after surrender on the tenant's bankruptcy was not "repairs," for which the landlord was entitled to claim under the lease, providing that the tenant shall make all inside repairs and alterations at his own expense.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 540, 541; Dec. Dig. § 152.*

    For other definitions, see Words and Phrases, vol. 7, pp. 6096–6102; vol. 8, p. 7785.]

In the matter of the International Milling Company, bankrupt. On report of referee disallowing a claim of the bankrupt's landlord for alleged repairs. Affirmed.

Charles L. Greenhall, for trustee.

Ralph K. Jacobs, for judgment creditor.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

CHATFIELD, District Judge. The referee in bankruptcy has refused to allow a claim for repairs, amounting to $817, presented by the landlord of the premises formerly occupied by the bankrupt. The lease under which the bankrupt held the premises had several years to run at the time the petition was filed, and the receiver remained in possession for a short time. The trustee has surrendered the tenancy of the premises, and makes no claim to the lease for the balance of the term. The landlord is in possession, having accepted the surrender.

The receiver sold certain engines and machinery which had been installed by the bankrupt, and removed them from the property, and the landlord has based his claim upon estimates of what it will cost to restore his building to 'the condition in which it was when the bankrupt went in under his lease. The lease contains a clause:

"(2) That the tenant shall take good care of the premises, make all inside repairs and alterations at his own expense, and at the end or other expiration of the term shall deliver up the demised premises in good order or condition."

The matter has been brought before this court upon exceptions to the refusal of the referee to allow this item. Both parties cite the case of In re Arnstein, 101 Fed. 706, 4 Am. Bankr. Rep. 246, in which it was held merely that a lease providing that at the expiration of the term the premises should be restored to the condition in which they were before alterations were made was not terminated by bankruptcy.

The present case differs from the Arnstein Case, in that the present lease provided for any expiration without reference to the end of the term, and the landlord, having acquiesced in the surrender of the lease, might have some claim if the building was not in good condition, but not for the cost of altering it to the original form. Alterations were forbidden without consent, and, if a breach of that provision was not acted upon, it could not be a question of "good condition."

The only evidence offered in support of the present claim was estimates for rebuilding that portion of the premises which had been changed, as the claimant says, from a loft and office building to a factory, and such expenses should not be charged against the estate as a claim for putting the building in good repair.

The report of the referee will be confirmed.